635 F.2d 755
 Paul E. ARENDT
v.
UNITED POWER ASSOCIATION, a corporation; Cooperative Power
Association, a corporation; and T.B. Robinson, A.M. Acheson,
C.W. Keller, R.C. Oliver, J.H. Robinson, and R.D. Woodson, a
partnership d/b/a Black & Veatch.
UNITED POWER ASSOCIATION, a corporation and Cooperative
Power Association, a corporation
v.
COMBUSTION ENGINEERING, INC., a corporation of Windsor,
Connecticut, Appellee,
and
Wallace Power Company, a division of the Sam P. Wallace
Company, Inc., of Atlanta, Georgia, Appellant.
 No. 80-1726.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 29, 1980.
Decided Dec. 31, 1980.
 
 Gary R. Wolberg, Bismarck, N.D., for appellant.
 Duane H. Ilvedson, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N.D., for appellee.
 Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.
 
 ORDER OF DISMISSAL
 
 1
 This court, by order of November 12, 1980, directed the parties to show cause why this appeal should not be dismissed for lack of a final order or judgment as required by 28 U.S.C. § 1291. Having considered the response, we dismiss the appeal.
 
 
 2
 After Paul Arendt, an employee of Combustion Engineering, Inc., brought this suit for bodily injuries alleging negligent conduct by defendants United Power Association, Cooperative Power Association, and others, these defendants filed a third-party complaint for contribution or indemnity against Combustion Engineering and Wallace Power Company, two of the subcontractors on the project on which Arendt was injured. Wallace Power Company, in turn, cross-claimed against Combustion Engineering, alleging that
 
 
 3
 (t)he plaintiff's damages, if any, were caused and contributed to by Combustion Engineering, Inc., under circumstances that entitle Wallace Power Company to recover by way of contribution or indemnity, as the law allows, against Combustion Engineering, Inc., in the event that the third party plaintiffs obtain judgment against Wallace Power Company.
 
 
 4
 On a motion for summary judgment, the district court dismissed all claims for contribution against Combustion Engineering. Wallace Power Company appeals.
 
 
 5
 In its response to this court's show cause order, Wallace Power relies on the Cohen rule, as discussed in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), and Federal Trade Commission v. Texaco, Inc., 517 F.2d 137 (D.C. Cir. 1975), as establishing its right to appeal the merits of the district court's order. The Cohen rule makes appealable under 28 U.S.C. § 1291 certain orders that do not fully and finally determine the controversy between the parties. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); 9 Moore's Federal Practice P 110.10, at 133 (2d ed. 1980). Wallace Power asserts that because its only claim against Combustion Engineering was a claim for contribution and the order granting partial summary judgment has eliminated that claim, this court should afford the finality requirement of a practical rather than technical construction and decide the merits of the appeal.
 
 
 6
 Initially, we note that under the Cohen rule an order must bear three characteristics before it can qualify as a "final decision:"
 
 
 7
 (1) the order must be a final determination of a claim of right "separable from, and collateral to, rights asserted in the action;" (2) it must be "too important to be denied review," in the sense that it "presents a serious and unsettled question"; and (3) its review cannot, in the nature of the question that it presents, await final judgment because "(w)hen that time comes, it will be too late effectively to review the ... order, and the rights conferred ... will have been lost, probably irreparably." (9 Moore's Federal Practice, supra, P 110.10, at 133, quoting Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S. at 546-47, 69 S.Ct. at 1225-1226.)
 
 
 8
 In its response to the show cause order, Wallace Power alleges the existence of only the first characteristic, namely that the district court's order determined a separable claim of right.
 
 
 9
 Second, Eisen involved a completely different situation. The Supreme Court in Eisen ultimately upheld the appealability of a district court order that required the respondents to pay the costs of notice. In the instant case, the assertion of liability against Combustion Engineering, whether based on indemnification or contribution, relates to several liability issues and those issues remain for disposition at trial.[1] The ruling sought by Wallace Power at this time amounts to no more than an advisory opinion, not a collateral matter under Eisen and Cohen.
 
 
 10
 Thus, the district court's order does not constitute a final decision upon which the jurisdiction of this court may be invoked under 28 U.S.C. § 1291. Further, no appeal of an interlocutory order has been sought under 28 U.S.C. § 1292(b) nor has this appeal been brought under Fed.R.Civ.P. 54(b). Accordingly, the appeal is dismissed without prejudice to the right of Wallace Power to bring a timely appeal upon the entry of a final judgment.
 
 
 
 [1]
 Before the cross-claim allegations against Combustion Engineering are ripe for disposition, plaintiff Arendt must recover damages against the defendants and, additionally, the defendants as third-party plaintiffs must establish a right to recover against Wallace Power Company